

# In The
# Court of Appeals
# Seventh District of Texas at Amarillo

_____

No. 07-22-00139-CR
_____

**JEFFERY TODD ARCHER, APPELLANT**

**V.**

**THE STATE OF TEXAS, APPELLEE**

On Appeal from the County Court
Deaf Smith County, Texas
Trial Court No. 21-0190, Honorable D.J. Wagner, Presiding

November 2, 2022

## ORDER OF ABATEMENT AND REMAND

Before QUINN, C.J., and DOSS and YARBROUGH, JJ.

Appellant, Jeffery Todd Archer, appeals his conviction for criminal trespass with a deadly weapon[1] and sentence to 180 days' confinement, suspended in favor of community supervision for one year. Appellant's brief was originally due August 19, 2022, but we granted Appellant's counsel two extensions to file a brief due to his caseload. By letter of September 20, 2022, we admonished counsel that failure to file a brief by October

_____

[1] *See* TEX. PENAL CODE ANN. § 30.05(d)(3)(C).

17 could result in the appeal being abated and the cause remanded to the trial court for further proceedings without further notice. To date, Appellant's counsel has not filed a brief or had any further communication with this Court.

Accordingly, we abate this appeal and remand the cause to the trial court for further proceedings. *See* TEX. R. APP. P. 38.8(b)(2), (3). Upon remand, the trial court shall determine the following:

(1)     whether Appellant still desires to prosecute the appeal;

(2)     whether Appellant is indigent;

(3)     why a timely appellate brief has not been filed on Appellant's behalf;

(4)     whether Appellant's counsel has abandoned the appeal;

(5)     whether Appellant has been denied the effective assistance of counsel;

(6)     whether new counsel should be appointed; and

(7)     if Appellant desires to continue the appeal, the date the Court may expect Appellant's brief to be filed.

The trial court is directed to enter such orders necessary to address the aforementioned questions. So too shall it include its findings on those matters in a supplemental record and cause that record to be filed with this Court by December 2, 2022. If it is determined that Appellant desires to proceed with the appeal, is indigent, and has been denied the effective assistance of counsel, the trial court may appoint him new counsel; the name, address, email address, telephone number, and state bar number of any newly appointed counsel shall be included in the aforementioned findings.

Should counsel file a brief on or before November 16, 2022, he is directed to immediately notify the trial court of the filing, in writing, whereupon the trial court shall not be required to take any further action.

It is so ordered.

Per Curiam

Do not publish.